BOWMAN AND BROOKE LLP
Anthony J. Parascandola (SBN: 140217)
anthony.parascandola@bowmanandbrooke.com
Michael Chung (SBN: 243204)
michael.chung@bowmanandbrooke.com
Tanya Adib (SBN: 359027)
Tanya.Adib@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone No.: (310) 768-3068
Fax No.: (310) 719-1019

Attorneys for Defendant SCHINDLER ELEVATOR CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| FRANK AMEZCUA,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTAR CALIFORNIA INC., dba GREYSTAR REAL ESTATE PARTNERS, LLC et al.; and DOES 1 - 50, inclusive,<br><br>Defendants. | **CASE NO.: 2:25-cv-11330**<br><br>**(Removed from Los Angeles County Superior Court, Case No. 24NNCV06088)**<br><br>**SCHINDLER ELEVATOR CORPORATION'S NOTICE OF REMOVAL**<br><br>Action Filed: November 25, 2024<br>Trial: October 6, 2026 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Schindler Elevator Corporation ("SEC"), by its counsel Bowman and Brooke LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 24NNCV06088, of the Superior Court of California, County of Los Angeles. In support of this removal, SEC states as follows:

/ / /

**THE REMOVED CASE**

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff Frank Amezcua ("Plaintiff") against Greystar California Inc., et al. entitled *Frank Amezcua v. Greystar California Inc., et al.* Case No. 24NNCV06088 (the "State Action").

2. Plaintiff filed the State Action on November 25, 2024, as a General Negligence and Premises Liability Action against Greystar California, Inc. and Greystar Real Estate Partners, LLC. (See Declaration of Michael Chung ("Chung Decl.") ¶ 2, **Exhibit A**).

3. On October 22, 2025, Plaintiff amended his Complaint to add SEC as a Defendant. SEC was served with Plaintiff's Summons and Complaint on November 11, 2025, through its designated agent for service of process. (*Id.* ¶ 3.)

**PROCEDURAL REQUIREMENTS**

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is one which may be removed to this Court by defendant Schindler pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This removal is timely filed as it is filed within 30 days after SEC's receipt of "the pleading, Motion, Order or other paper from which is could first be ascertained that the case is one which is removable." 28 US 1446(b)(3). (Chung Decl. ¶ 3)

6. The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California. Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . . ." (*See* 28 U.S.C. §1446(a).)

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice

of Removal will be filed with the Superior Court of California, County of San Bernardino, promptly after filing of the same in this Court.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1331, 1332, AND 1441

### A. Diversity of Citizenship Exists

9. There is a complete diversity of citizenship. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is *prima facie* evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. (28 U.S.C. §1332(c)(1).)

10. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable…" (28 U.S.C. §1446(b)(3).)

11. On information and belief, Plaintiff is an individual who is a citizen of California. (Chung Decl., ¶ 4.)

12. At all relevant times, including when the Complaint was filed, Defendant SEC was and is a Delaware corporation with its principal place of business in New Jersey. (Chung Decl. ¶ 5; Ex. B.)

13. Defendants Greystar California, Inc. and Greystar Real Estate

Partners, LLC are Delaware corporations with their principal places of business in South Carolina. (Chung Decl. ¶¶ 6; Exs. C and D.)

12. Complete diversity between Defendants SEC, Greystar California, Inc. and Greystar Real Estate Partners, LLC exists as of the time the action was commenced in state court and at the time of removal.

### B. <u>The Amount in Controversy Requirement Under Diversity Is Satisfied</u>

13. The amount in controversy requirement is satisfied.

14. Based on Plaintiff's Statement of Damages, Plaintiff is seeking damages in excess of $2,285,485, not including costs, prejudgment interest and other relief. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount.) (Chung Decl. ¶ 7; Ex. E.)

15. Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Lastly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens* (2014) 135 S.Ct. 547, 554.

/ / /

/ / /

/ / /

/ / /

16. SEC will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. section 1446(d).

DATED: November 25, 2025 BOWMAN AND BROOKE LLP

By: */s/ Michael Chung*
Anthony J. Parascandola
Michael Chung
Tanya M. Adib
Attorneys for Defendant
Schindler Elevator Corporation

# DECLARATION OF MICHAEL CHUNG

I, Michael Chung, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the Central District of California. I am an attorney at Bowman and Brooke LLP, attorneys of record for Schindler Elevator Corporation ("SEC"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.

2. Plaintiff filed the State Action on November 25, 2024, as a General Negligence and Premises Liability Action against Greystar California, Inc. and Greystar Real Estate Partners, LLC. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

3. On October 22, 2025, Plaintiff amended his Complaint to add SEC as a Defendant. SEC was served with Plaintiff's Summons and Complaint on November 17, 2025, through its designated agent for service of process.

4. On information and belief, Plaintiff is an individual who is a citizen of California.

5. At all relevant times, including when the Complaint was filed, Defendant SEC was and is a Delaware corporation with its principal place of business in New Jersey. A true and correct copy of the California Secretary of State's business search result for SEC is attached hereto as **Exhibit B**.

6. Defendants Greystar California, Inc. and Greystar Real Estate Partners, LLC are Delaware corporations with their principal places of business in South Carolina. A true and correct copy of the California Secretary of State's business search result for Greystar California, Inc. is attached hereto as **Exhibit C**. A true and correct copy of the California Secretary of State's business search result for Greystar Real Estate Partners, LLC is attached hereto as **Exhibit D**.

7. Attached as **Exhibit E** is a true and correct copy of Plaintiff's Statement of Damages.

8. No previous application has been made for the relief requested herein. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of November 2025, at Torrance, California.

*/s/Michael Chung*
Michael Chung

**PROOF OF SERVICE**
**F.R.C.P. Rule 5(b)(2)(3)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is: carsi.beechler @bowmanandbrooke.com.

On **November 25, 2025**, I served the foregoing documents described **SCHINDLER ELEVATOR CORPORATION'S NOTICE OF REMOVAL** on all interested parties in this action by transmitting an electronic copy as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY ELECTRONIC TRANSMISSION**. Only by e-mailing the document to the persons at the e-mail address(es) listed based on the attached service list.

☐ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

Executed on **November 25, 2025**, at Torrance, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Carsi Beechler



32868642v2

## SERVICE/MAILING LIST

Frank Amezcua v. Greystar California Inc., et al.
USDC Case No. _______________

Jason L. Maves, Esq.
**Sweet James, LLP**
4220 Von Karman Avenue, Suite 200
Newport Beach CA 92660

**Attorneys for Plaintiff**

Phone: (949) 644-1000
Fax No.: (949) 644-1005
Email:
jm-service@sweetjames.com
jmaves@sweetjames.com
anthonys@sweetjames.com

Victor Campos, Esq.
Dellya F. Talas, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
555 S. Flower Street – Suite 2900
Los Angeles, CA 90071-2407

**Attorneys for Defendants, Greystar California Inc. dba Greystar Corporation**

Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email:
victor.campos@wilsonelser.com
dellya.talas@wilsonelser.com
charles.delacruz@wilsonelser.com