# EXHIBIT "A"

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 321526
NAME: Jason L. Maves, Esq.
FIRM NAME: Sweet James, LLP
STREET ADDRESS: 4220 Von Karman Avenue, Suite 200
CITY: Newport Beach STATE: CA ZIP CODE: 92660
TELEPHONE NO.: (949) 644-1000 FAX NO.: (949) 644-1005
EMAIL ADDRESS: jm-service@sweetjames.com
ATTORNEY FOR *(name)*: Plaintiff, Frank Amezcua

FOR COURT USE ONLY

Electronically FILED by Superior Court of California, County of Los Angeles 11/25/2024 4:06 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Calderon, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 300 E. Walnut Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Pasadena, 91101
BRANCH NAME: Pasadena Courthouse

PLAINTIFF: Frank Amezcua
DEFENDANT: Greystar California Inc., dba Greystar Corporation; Greystar Real Estate Partners, LLC;
☐ DOES 1 TO 50 Inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED *(Number)*:**
**Type *(check all that apply)*:**
☐ **MOTOR VEHICLE** ☐ **OTHER *(specify)*:** General Negligence
☐ **Property Damage** ☐ **Wrongful Death**
☐ **Personal Injury** ☐ **Other Damages *(specify)*:** Premises Liability

CASE NUMBER:
24NNCV06088

**Jurisdiction** *(check all that apply)*:
☐ **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint**
☐ **from limited to unlimited**
☐ **from unlimited to limited**

1. **Plaintiff** *(name or names)*: Frank Amezcua
alleges causes of action against **defendant** *(name or names)*:
Greystar California Inc., dba Greystar Corporation; Greystar Real Estate Partners, LLC; DOES 1 to 50 Inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. Each plaintiff named above is a competent adult
   a. ☐ **except** plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:
   b. ☐ **except** plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| SHORT TITLE: Amezcua v. Greystar et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☐ **except** defendant *(name):* Greystar California Inc.
(1) ☐ a business organization, form unknown.
(2) ☐ a corporation.
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*
dba Greystar Corporation

b. ☐ **except** defendant *(name):* Greystar Real Estate Partner LLC
(1) ☐ a business organization, form unknown.
(2) ☐ a corporation.
(3) ☐ an unincorporated entity *(describe):*
Limited Liability Company
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*
(1) ☐ a business organization, form unknown.
(2) ☐ a corporation.
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*
(1) ☐ a business organization, form unknown.
(2) ☐ a corporation.
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☐ Doe defendants *(specify Doe numbers):* 1 to 50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☐ Doe defendants *(specify Doe numbers):* 1 to 50 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

a. ☐ has complied with applicable claims statutes, **or**
b. ☐ is excused from complying because *(specify):*

**PLD-PI-001**

| SHORT TITLE: Amezcua v. Greystar et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*
   a. ☐ wage loss.
   b. ☐ loss of use of property.
   c. ☐ hospital and medical expenses.
   d. ☐ general damage.
   e. ☐ property damage.
   f. ☐ loss of earning capacity.
   g. ☐ other damage *(specify):*
   FUTURE LOSS OF EARNINGS AND FUTURE MEDICAL EXPENSES FOR INTEREST AS PERMITTED BY THE LAW

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☐ compensatory damages.
      (2) ☐ punitive damages.
   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof.
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 11/25/2024

Jason L. Maves, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: Amezcua v. Greystar et al. | CASE NUMBER: |
|---|---|

FIRST (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO ☐ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Frank Amezcua

alleges that defendant *(name):* Greystar California Inc., dba Greystar Corporation; Greystar Real Estate Partners, LLC

☐ Does 1 to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: or about July 8, 2024

at *(place)*: 218 N. El Molino Ave, Pasadena, CA 91101

*(description of reasons for liability):*
Defendants, and each of them, by their acts or omissions to act, negligently caused the injuries to Plaintiff which occurred on or about July 8, 2024, when he got stuck in an elevator as a result of dangerous conditions on defendants' property, causing injuries and damages in an amount to be proven at the time of trial. Plaintiff sustained serious injuries and incurred damages as direct result of the negligence of defendants in maintaining, inspecting, repairing, managing, supervising, controlling and/or operating the premises located at or near 218 N. El Molino Ave, Pasadena, CA 91101; including, but not limited to fixtures and appliances, entrance and exit ways, surrounding parking lots and alleys, aisles, floors, stairs, steps, gates, elevators and any other surfaces and areas upon which individuals may move about; negligently hiring, training, supervising, controlling and/or monitoring employees and agents responsible for the maintenance, inspections, repairing, supervision, control and operations; failing to provide a safe, suitable and adequate premises for individuals using said premises.

Plaintiff is informed and believes and thereon alleges that said hazardous, dangerous conditions were caused by Defendants, and each of them, and/or existed for a sufficient time prior to the incident for Defendants to have corrected, removed, and/or warned Plaintiff of the existence of said conditions, which Defendants negligently and carelessly failed to do, causing serious injuries to Plaintiff. Defendants also failed to warn Plaintiff of the risks and dangers of which Defendants created or knew, or in the existence of reasonable care should have known, and which were unknown and not readily apparent to Plaintiff. Defendants' failure to warn was a direct legal cause of Plaintiffs injuries and damages. Defendants had actual and/or constructive notice of said dangerous conditions

PLD-PI-001(4)

| SHORT TITLE: Amezcua v. Greystar et al. | CASE NUMBER: |
|---|---|

SECOND (number) **CAUSE OF ACTION—Premises Liability** Page 5

ATTACHMENT TO ☐ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Frank Amezcua
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* or about 7/8/2024 plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury):*

(See Attachment 1)

Prem.L-2. ☐ **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
Greystar California Inc., dba Greystar Corporation; Greystar Real Estate Partners, LLC

☐ Does 1 to 50

Prem.L-3. ☐ **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

☐ Does ______ to ______

Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4. ☐ **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

☐ Does ______ to ______

a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☐ **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
Greystar California Inc., dba Greystar Corporation; Greystar Real Estate Partners, LLC

☐ Does 1 to 50

b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are ☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Greystar California Inc., dba Greystar Corporation; Greystar Real Estate Partners, LLC; and DOES 1 to 50, Inclusive

MC-025

| SHORT TITLE: Amezcua v. Greystar et al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Plaintiff sustained injuries when an elevator on defendants' property stopped and fell with Plaintiff inside, located at 218 N. El Molino Ave, Pasadena, CA 91101, causing injuries and damages to be proven at the time of trial. Defendants, and each of them, are responsible for their failure to provide a safe, suitable and adequate premises. Plaintiff is informed and believes and thereon alleges that said hazardous, dangerous conditions were caused by Defendants, and each of them, and/or existed for a sufficient time prior to the incident for defendants to have corrected, removed, and/or warned Plaintiff of the existence of said conditions, which Defendants negligently and carelessly failed to do, causing serious injuries to Plaintiff. Defendants had actual and/or constructive notice of said dangerous conditions.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*