UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11330-WLH-RAO | Date | January 16, 2026 |
|---|---|---|---|
| Title | *Frank Amezcua v. Greystar California Inc. et al* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

The Court is in receipt of Plaintiff Frank Amezcua's Motion to Remand and Request for Leave to Amend the Complaint (the "Motion").  (Mot., Dkt. No. 8).  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter.  (*See* Standing Order, Dkt. No. 7 at 16).  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for January 23, 2025, is **VACATED**, and the matter taken off calendar.  For the reasons explained herein, the Court **GRANTS** in part and **DENIES** in part the Motion.

Plaintiff filed the instant action alleging claims for general negligence and premise liability on November 25, 2024, in the Superior Court of California, County of Los Angeles against Defendants Greystar California, Inc. and Greystar Real Estate Partners, LLC (collectively, "Greystar").  (Notice of Removal ("Notice"), Dkt. No. 1 at 2; *see also* Ex. A, Compl. at 4-5).  On October 22, 2025, Plaintiff amended his Complaint to add Defendant Schindler Elevator Corporation ("Schindler Elevator"), and it was served with the Summons and Complaint on November 11, 2025.  (*Id.*).  On November 25, 2025,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Schindler Elevator removed the action to this Court, stating that the Court has subject matter jurisdiction because "there is complete diversity of citizenship." (*Id*.).

Plaintiff filed the instant Motion on December 26, 2025, requesting leave to amend the Complaint to add Diana Lopez, Greystar's property manager for the MW Lofts. (Motion at 2). Plaintiff asserts that the Court would no longer have subject matter jurisdiction once Diana Lopez is added as a Defendant, because she is a citizen of California. (*Id*.).

As an initial matter, Schindler Elevator appears to concede to the remand as it has not filed any opposition to this instant Motion. (*See* generally, Dkt.). Because Schindler Elevator has not filed an opposition, the Court can consider this a concession of the Motion's merit. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirement of opposition brief or statement of non-opposition).

Moreover, the Court finds it appropriate to remand for an independent reason. Remand is appropriate simply because Schindler Elevator has not met its burden of proving complete diversity. A civil action brought in state court may be removed to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). A federal court must remand a case to state court if, at any time prior to final judgment, the court finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of proving removal is proper. *Bristol Cap. Invs., LLC v. Cannapharmarx Inc.*, 2021 WL 2633155, at *1 (C.D. Cal. June 24, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Here, because a limited liability company is being sued, i.e., Greystar Real Estate Partners, LLC, Schindler Elevator must establish "the citizenship of [that] limited liability company." *De Leon v. Aurora Loan Servs.*, 2009 WL 5065254, at *1 (C.D. Cal. Dec. 15, 2009). "[A]t a minimum, [Defendant must] allege the citizenship of all members of the limited liability company." *Id*. Accordingly, the Notice falls short of identifying the citizenship of *any* of Greystar Real Estate Partners, LLC's members. Instead, the Notice asserts that Greystar Real Estate Partners, LLC is purportedly a "Delaware corporation with their principal places of business in South Carolina." (Notice at 3-4). This is plainly insufficient. As such, the Noice fails to show that this matter is removable. *See Solberg v. NDEx W., L.L.C.*, 2011 WL 1295940, at *3 (N.D. Cal. Mar. 31, 2011) (remanding action when neither the complaint nor removal notice "identifie[d] any of [a defendant LLC's] members or provide[d] any facts regarding their citizenship").

This matter is hereby **REMANDED** to Superior Court of California, County of Los Angeles, because the Notice fails to offer a proper basis for removal and because Schindler Elevator did not oppose Plaintiff's Motion. Because the matter has been remanded, Plaintiff should request leave to amend from the Superior Court of California. Accordingly, Plaintiff's request for remand has been **GRANTED**, and his request for leave to amend has been **DENIED** as moot.

**IT IS SO ORDERED.**